UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN L. LOPEZ, SR., | Case No. 1:08-cv-22 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Ellen S. Carmody |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant, | |

**ORDER**

**Adopting the R&R without Objection;
Reversing the Commissioner's Denial of Social Security Disability Benefits;
Remanding to the Social Security Administration for an Award of Benefits;
Terminating and Closing the Case**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to United States Magistrate Judge Ellen Carmody for a Report and Recommendation ("R&R"). Magistrate Judge Carmody issued the R&R on Wednesday, January 14, 2009.

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See also* W.D. MICH. LCIVR 72.3(b); *Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir.

2005) ("The Rule requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)).

W.D. MICH. LCIVR 5.7(d)(i)(ii), entitled Service of Electronically Filed Documents - Service on Registered Attorneys, states in pertinent part, "Consequently, service of an electronically filed document upon a registered attorney is deemed complete upon the transmission of an NEF to that attorney under subsection (i)(iv) of this rule and no certificate of service should be filed." Accordingly, the court finds that counsel were served with the R&R on the same date that it was issued and electronically filed by the Magistrate Judge. *See Swift v. SSA*, No. 1:2007-cv-1064, 2009 WL ____, *__ (W.D. Mich. Jan. 26, 2009) (Maloney, C.J.) (applying same local rule, and finding that counsel was served with R&R on the same date that the Magistrate Judge issued and e-filed it); *Malik v. AT&T Mobility, LLC*, No. 1:2008-cv-234, 2009 WL ____, *___ (W.D. Mich. Jan. 23, 2009) (Maloney, C.J.) (applying same rule, and finding that counsel was served with adversary's motion for summary judgment on the same date that the adversary e-filed the motion).

Rule 6 begins, "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." FED. R. CIV. P. 6(a). Thus, the ten-day objection period began on Thursday, January 15, 2009, the day *after* counsel were electronically served with the R&R. Friday, January 16, 2009 was day two.

Rule 6 further provides, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." FED. R. CIV. P. 6(a). Thus the court excludes Saturday, January 17, Sunday, January 18, and Monday, January 19 (a federal holiday). Days three through six ran from Tuesday, January 20 through

Friday, January 23.  The court then excludes Saturday, January 24 and Sunday, January 25.  Days seven through ten ran from Monday, January 26 through Thursday, January 29.

Thus, under FED. R. CIV. P. 6 alone, the ten-day period for filing objections expired at midnight on Thursday, January 29, 2009.

However, the parties seem to be entitled to an extra three days because the Rules still allow three days for her brief to arrive at the Clerk's Office – a vestige of the times when parties filed documents by mailing or hand-delivering paper documents to the courthouse.  *See* W.D. MICH. LCIVR 5.7(d)(i)(v), Effect on Time Computation ("The additional three days to do an act or take a proceeding after service of a document applies when service is made electronically, by virtue of FED. R. CIV. P. 6(d).").  Although this rule makes little sense in the age of electronic filing and service, *see Swift*, 2009 WL ____ at *___, this court is obligated to follow it until it is amended.  Allowing the extra three days for "mailing", objections were due on Sunday, February 1, 2009, which is treated as Monday, February 2, 2009.  *See* FED. R. CIV. P. 6(a)(3) (when the last day of a period falls on a weekend or holiday, the deadline moves to the court's next business day).  That deadline has passed, and the court need not wait further for objections from the Commissioner.

> As the United States Supreme Court held in *Peretz v. US*, 501 U.S. 923 (1991),
>
> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations.  *See* 28 U.S.C. § 636(b)(1).  To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Id.* at 939 (citation & internal quotation marks omitted).  *See, e.g., Johnson v. SSA*, 2007 WL 2292440, *1 (N.D. Ohio 2007) ("The Federal Magistrates Act requires a district court to conduct

3

a *de novo* review only of those portions of the Report to which an objection has been made.").

Furthermore, the failure to file timely *specific* objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)(c) simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, citation omitted).

Accordingly, district judges in our circuit routinely adopt R&Rs without additional written analysis where the parties have not timely and specifically objected.[1] In any event, the court finds

---

[1]

As the Supreme Court has explained:

"It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings." * * * Because neither party filed timely objections to [the] Report and Recommendation . . . this Court need not conduct a review.

*Russell v. Caruso*, 2007 WL 3232126, *2 n.3 (W.D. Mich. 2007) (Maloney, J.) (quoting *Thomas*, 474 U.S. at 150).

*See also Lewis v. SSA*, 2008 WL 3875403, *1-2 (W.D. Mich. Aug. 15, 2008) (Maloney,

the R&R's outcome and rationale to be sound, and Lopez is entitled to an award of benefits.

## ORDER

Accordingly, having reviewed the parties' briefs and the R&R, and having received no objections, the Report and Recommendation [document # 14] is **ADOPTED.**

The Commissioner's denial of disability benefits is **REVERSED.**

This matter is **REMANDED** to the SSA for an award of benefits consistent with the R&R.

The complaint is **DISMISSED.**  This case is **TERMINATED** and **CLOSED**.

**This order is final, but it is not appealable.**  *See Southall v. City of Grand Rapids*, 2008 WL 3739163, *3 (W.D. Mich. Oct. 29, 2008) (Maloney, C.J.) (citing *Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 442 n.6 (6th Cir. 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981))); *see also Sarampote v. White*, 2009 WL 125036, *8 (W.D. Mich. Jan. 16, 2009) (Quist, J.) and *Isaacson v. Cliffs River Marina*, 2009 WL 103959, *2 (W.D. Mich. Jan. 13, 2009) (Bell, J.) and *Robinson v. Bergh*, 2009 WL 33479, *4 (W.D. Mich. Jan. 5, 2009) (Edgar, J.) (all citing *Thomas* and *Walters*).[2]

---

C.J.); *Veltkamp v. SSA*, 528 F. Supp.2d 716, 718 n.2 (W.D. Mich. 2007) (Maloney, J.);

*Hart v. Ridge Tool Co.*, 2007 WL 1983688, *2 (N.D. Ohio 2007) (Nugent, J.); *Montalvo v. GMC*, 2006 WL 1888704, *1 (N.D. Ohio 2006) (Zouhary, J.) ("Neither party objected . . . . * * * Thus, the Court declines to review the Magistrate's report."); *Wallace v. Jackson*, 2006 WL 467915, *1 (E.D. Mich. 2006) (Gadola, J.); *Tangwall v. Robb*, 2003 WL 23142190, *1 (E.D. Mich. 2003) (Lawson, J.) (after untimely objections, court stated, "the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion.").

[2]

*See Schrader v. SSA*, 2008 WL 360649, *3 & n.5 (W.D. Mich. Feb. 7, 2008) (Maloney, J.) (citing, *inter alia*, *Ramjit v. Moore*, 243 F. App'x 103, 104 (6th Cir. 2007) ("respondent waived this

**IT IS SO ORDERED this 4th day of February 2008.**

                                                  /s/ Paul L. Maloney
                                                Paul L. Maloney
                                                Chief United States District Judge

---

issue due to his failure to object on this ground to the [R&R].") (citing *Thomas*, 474 U.S. at 155)).

    *See also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the magistrate's report and recommendation. * * *  Frontier's silence constitutes a waiver of the right to appeal the entry of default.");

    *US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings with the district court and, as a result, has waived any challenge to the district court's denial of his motion to suppress the identification evidence.");

    *Adkins v. UMWA*, 1995 WL 44630, *3 (6th Cir. July 25, 1995) ("Because the plaintiffs did not file written objections to the magistrate's order within ten days, they have waived appellate review of this issue.") (citing *Thomas* and *Willis v. Sullivan*, 931 F.2d 390, 400-01 (6th Cir. 1991)).